**In re U. S. NAVY VARIABLE REENLISTMENT BONUS LITIGATION.**

**No. 224.**

Judicial Panel on Multidistrict Litigation.

Feb. 10, 1976.

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD*, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This litigation consists of 25 actions pending in nine various federal district courts: eight in the District of South Carolina; five in the District of Hawaii; four in the Southern District of California; three in the Western District of Washington; and one each in the Northern, Central and Eastern Districts of California, the District of Idaho and the Northern District of Florida.

All plaintiffs are United States Navy personnel who enlisted in that branch of the service between 1970 and May 1974. At or about the time of their initial enlistment, plaintiffs allegedly were induced by the Navy to agree prospectively to reenlist for an additional two or three-year period subsequent to the termination of their original active-duty tenures. As partial consideration for their reenlistment, plaintiffs were to be trained in certain military occupational specialities for which the Navy had a critical need. Upon the actual commencement of their reenlistments, plaintiffs were to receive the additional compensation of a "Variable Reenlistment Bonus" (hereinafter referred to as "VRB"), which now is valued by plaintiffs at approximately $4,000–$6,500 per service person.

In mid-1974, Congress eliminated the mandated payment of the VRB. Each plaintiff whose reenlistment was to commence on June 1, 1974, or within the following four years, was advised by the Navy that it was no longer obligated to pay the VRB. The Navy took the position that Congress' action was retroactive, thereby negating the VRB provisions in any reenlistment agreement executed prior to June 1974. Nevertheless, plaintiffs were required by the Navy to reenlist pursuant to their agreements, and any plaintiffs refusing to do so were subject to court-martial proceedings.

All the actions allege breaches of contract by the United States, the Navy and plaintiffs' commanding officers, and sue for one or both of two remedies—the payment of the VRB or the cancellation of the reenlistment contracts. Four of the actions purport to be class actions: one on behalf of a nationwide class of service personnel affected by the elimination of the VRB and the other three on behalf of regional classes.

Plaintiffs in three of the actions move the Panel for an order transferring all actions to the Southern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] All defendants and plaintiffs in seventeen of the actions oppose the motion.

■ While these actions may involve some common questions of fact, we find that at this time their transfer to a single forum under Section 1407 will neither serve the convenience of the parties and their witnesses nor promote the just and efficient conduct of this litigation.

Movants maintain that transfer of these actions is necessary because they share common factual and legal issues pertaining to whether the Navy can withhold the VRB from those service people who reenlisted for another two or

* Judges Murrah and Weinfeld were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

1. In addition to the 25 actions now before the Panel, a related action, *Carini,* is on appeal and under submission with the United States Court of Appeals for the Fourth Circuit. Moreover, after the transfer motion was filed, we were advised that one of the actions included in the motion, *Akin,* was on appeal to the United States Court of Appeals for the Ninth Circuit.

three-year period to obtain, in part, their bonuses. Movants also urge centralization in order to prevent any possibility of inconsistent determinations regarding class, other pretrial and appellate rulings.

We are not persuaded, however, that transfer of this litigation in its present posture is appropriate. Of the 25 actions now before us, sixteen were filed in districts within the Ninth Circuit, eight were filed in districts within the Fourth Circuit, and one was filed in a district within the Fifth Circuit. Since appeals in this litigation are presently pending before the Courts of Appeal for the Fourth and Ninth Circuits, and since the disposition of those appeals could have a substantial if not dispositive effect on all the actions pending in districts within those circuits, leaving only a single action in another jurisdiction, we believe that the most prudent course to follow is to deny transfer under Section 1407.

Even assuming, *arguendo,* that this litigation was not dominated by appellate activity, on the basis of the record before us, we are of the view that questions of law rather than common questions of fact are significantly preponderant and, hence, Section 1407 treatment would in any event be unwarranted. Nonetheless, our denial of transfer is without prejudice to the right of any party to seek transfer under Section 1407 at a later date if he or she feels that a future change in circumstances so requires.

It is therefore ordered that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, denied without prejudice to the right of any party to move for transfer at a later time.

### SCHEDULE A

#### Southern District of California

| | |
|---|---|
| Steven C. Wood, et al. v. United States, et al. | Civil Action No. CV75–0382–N |
| Roy W. Aikin, et al. v. United States, et al. | Civil Action No. CV75–0062–N |

| | |
|---|---|
| Harry Ing Scarborough, III v. Schlesinger, et al. | Civil Action No. CV74–585–N |
| Henry D. Ruble v. Schlesinger, et al. | Civil Action No. CV75–0272–N |

#### District of Hawaii

| | |
|---|---|
| Earl B. Collins, et al. v. Schlesinger, et al. | Civil Action No. 75–0053–P |
| Bradley W. Johnson, et al. v. James R. Schlesinger, et al. | Civil Action No. 75–0079–P |
| Joe L. Aprill, et al. v. James R. Schlesinger, et al. | Civil Action No. 75–0142–P |
| Daniel Lee Armour, et al. v. James R. Schlesinger, et al. | Civil Action No. 75–0021 |
| Neill E. Achterhof, et al. v. James R. Schlesinger | Civil Action No. 75–0275 |

#### Western District of Washington

| | |
|---|---|
| Edward W. Braswell, et al. v. Webster, et al. | Civil Action No. C75–286S |
| Robert Alan Borschowa v. William J. Middendorf, II | Civil Action No. 75–599S |
| Edward A. Birdsall v. United States of America, et al. | Civil Action No. 75–510S |

#### District of South Carolina

| | |
|---|---|
| Andrew C. Agnew, Jr., et al. v. James R. Schlesinger, et al. | Civil Action No. 75–1624 |
| Jesse R. Bailey, et al. v. Vincent Sylvester, et al. | Civil Action No. Civ. 75–9 |
| Earl Lloyd Alderfer, et al. v. James R. Schlesinger, et al. | Civil Action No. 74–1854 |
| James A. Crawford, et al. v. Frederick N. Margol, et al. | Civil Action No. Civ. 75–227 |
| Bruce Edward Blockus v. James Schlesinger | Civil Action No. Civ. 75–962 |
| Thomas H. Grezeika v. James R. Schlesinger, et al. | Civil Action No. Civ. 1220 |
| Larry E. Wilson, et al. v. James R. Schlesinger, et al. | Civil Action No. Civ. 75–1344 |
| Allen W. Johnston v. James R. Schlesinger | Civil Action No. Civ. 75–1288 |

#### Northern District of Florida

| | |
|---|---|
| Ralph C. Beard, et al. v. United States of America, et al. | Civil Action No. 75–561–Civ.–J–S |

#### Northern District of California

| | |
|---|---|
| Alvin A. Kleveno, et al. v. Rogers, et al. | Civil Action No. C74–2535–AJZ |

#### Eastern District of California

| | |
|---|---|
| Douglas A. Braye, et al. v. Webster, et al. | Civil Action No. Civ. S–74–484 |

#### Central District of California

| | |
|---|---|
| John C. Adams, Jr., et al. v. United States | Civil Action No. CV74–1585–ALS |

#### District of Idaho

| | |
|---|---|
| Bruce Michael Switzer, et al. v. United States, et al. | Civil Action No. Civ. 4–75–11 |